*196 THE appellant had recovered a decree in chancery for a tract of land, and commissioners were appointed under the occupying claimant laws, in favor of the defendants in thatsuit. The appellant, at the time, objected, and reserved the question of rightto the appointment of commissioners, to be decided when the report should be returned. The commissioners reported alargesum for improvements, in favor of the defendant, Lewis Bullock, now appellee. The interlocutory decree was pronounced before the passage of the act of 1820, and the final decree afterwards, on a conflicting entry. The. appellant contended against the appellee’s right, qnder either act, and that both were unconstitutional, and if they were not, that the act of 1820 could not apply, but only that of 1812. The court below overruled all objections, and gave judgment under the act of 1820, according to which the report was made
We do not conceive it necessary to investigate, at this time, the constitutionality of either act, or to decide the question, which act applied, under the circumstances of this case; for, according t.o the answer of the, upfiffilee, Bullock, in the original suit, which is made part of this record, he had no title to the land, *197 and he declared himself tobe the tenant of his brother, who claimed under Yancey’s heirs, and that the title was in the said heirs or his brother; and he disclaim, ed any interest, except the possession, which he had long held. Neither of the laws relied on, give pay for imnrovements. to tenants. The decree for the land. in this case, was pronounced against the aforenamed parties, in whom the legal title was said to be. by the appellee’s answer. Whatever right existed, must, ac cording to the appellee’s own statement, belong to them, or some of them. Under such circumstances, neither act could avail the appellee, as he had no title under cither, arid it was, consequently, erroneous to render a iuderment in his favor.
The judgment must, therefore, be reversed with costs, and the order appointing commissioners, and all subsequent proceedings, as to the appellee, be set aside and held for nought.